UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA B.,

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:19-CV-1781-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

I.     INTRODUCTION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's application for disability insurance ("DI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the administrative law judge ("ALJ") erred by failing to adequately address at step two whether Plaintiff had severe impairments related to her mental health, or of fibromyalgia. Had the ALJ properly addressed these issues, the

residual functional capacity ("RFC") may have contained additional limitations. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Order.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for DI in March 2016, alleging disability as of April 5, 2013. *See* Dkt. 8, Admin. Record ("AR") 67–68, 156–60. The application was denied on initial administrative review, and on reconsideration. *See* AR 67–78, 80–92. A hearing was held before ALJ Tom Morris on May 10, 2018. *See* AR 29–63. In a decision dated October 1, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 14–24. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–3; 20 C.F.R. § 404.981.

In Plaintiff's opening brief, she maintains the ALJ erred by (1) failing to find that Plaintiff had a severe mental impairment at step two; (2) failing to find that she had a severe impairment of fibromyalgia at step two; and (3) failing to properly assess her RFC. Dkt. 10, p. 1.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## IV. DISCUSSION

**A.   Whether the ALJ Erred at Step Two in Finding No Severe Mental Impairment**

Plaintiff contends the ALJ erred at step two by failing to find that Plaintiff had any severe mental impairments. *See* Dkt. 10, pp. 4–13. Plaintiff's primary contention is that the ALJ failed

to explain why she partially rejected the opinions of examining psychiatrist Kirsten Nestler, M.D. *See id.*

At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). But Plaintiff retains the burden of proof at step two, and must present evidence showing that she suffers from an impairment that has more than a minimal effect on her work. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

Dr. Nestler examined Plaintiff on July 19, 2016. *See* AR 508–12. Dr. Nestler diagnosed Plaintiff with major depressive disorder and unspecified anxiety disorder. *See* AR 511. Dr. Nestler opined that Plaintiff's cognitive testing and function was normal, her anxiety was not severe, and she could "keep up with all current functions." *See* AR 512. Dr. Nestler opined that Plaintiff would not have difficulty with any basic work activities except workplace stress. *See id.* She opined that Plaintiff "would have difficulty dealing with the usual stress encountered in the workplace due to her depression and anxiety." *Id.*

The ALJ did not explain which of these opinions he accepted and which he rejected, but stated that he gave Dr. Nestler's statement "partial weight . . . to the extent that it is consistent with the record." AR 19. The ALJ then noted that Plaintiff did not need reminders to take care of her personal needs or grooming, was able to handle financial matters, and reported that her depression and anxiety were controlled by medication. *See* AR 19.

The ALJ's analysis here was too minimal to pass scrutiny. The only one of Dr. Nestler's opinions that could lead to limitations is her statement that Plaintiff would have difficulty dealing with typical workplace stress. *See* AR 512. But the Court cannot reasonably discern why the ALJ rejected this opinion. "'Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 705 F.3d 1090, 1103 (9th Cir. 2014)). Here, the ALJ simply pointed to a few daily activities, and mentioned that Plaintiff reported being stable on medication. *See* AR 19. But the ALJ did not link either fact to Plaintiff's ability to deal with workplace stress. Moreover, Plaintiff's ability to perform basic life activities such as personal grooming and paying bills does not mean she could withstand the everyday stresses of a work environment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Similarly, the fact that a claimant's condition is controlled by medication does not mean she is capable of working: "'There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce . . . .'" *Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014) (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). The ALJ provided no analysis for his evaluation of Dr. Nestler's opinions, and therefore erred in considering whether Plaintiff had a severe mental impairment at step two.

The ALJ's error must be deemed harmful. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). As long as the claimant has

at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. § 404.1520(d). The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted). Thus, a claimant generally cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's RFC. *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Although the ALJ found at least one severe impairment at step two, and thus continued with the disability evaluation, he harmfully erred here because he did not address Plaintiff's alleged mental impairments at the RFC phase. *See* AR 20–22. Had the ALJ done so, he may have included additional limitations in the RFC. The ALJ therefore harmfully erred in failing to properly assess at step two whether Plaintiff had a severe mental impairment.

**B.      Whether the ALJ Erred at Step Two in Not Finding a Severe Impairment of Fibromyalgia**

Plaintiff contends the ALJ erred at step two by failing to find—or even address— fibromyalgia as a severe impairment. *See* Dkt. 10, pp. 13–15. Plaintiff was examined by rheumatologist Kevin Welk, M.D. on October 27, 2016. *See* AR 591–601. Plaintiff reported to Dr. Welk that she had back, joint, knee, hip, wrist, finger, and shoulder pain. *See* AR 596. Dr. Welk diagnosed Plaintiff with fibromyalgia, explaining that she had 17 of 18 tender points with greater than three months of widespread pain. *See* AR 598. Dr. Welk discussed a treatment plan, but did not opine as to any functional limitations. *See* AR 598–601.

1       The ALJ did not mention fibromyalgia in his decision. *See* AR 14–24. The ALJ erred in doing so because the Court has no way to discern why he failed to consider this a severe impairment. *See Brown-Hunter*, 806 F.3d at 495.

      The ALJ's error must once again be considered harmful. Although the ALJ discussed some of Plaintiff's alleged physical impairments at the RFC phase, it is not clear that he accounted for all possible limitations from fibromyalgia. *See* AR 20–22. The ALJ discussed limitations due to Plaintiff's total knee replacements, osteoarthrosis, and obesity. *See id.* But while there may be some overlap between limitations caused by fibromyalgia and those caused by the impairments the ALJ addressed, Plaintiff alleges other areas of pain due to fibromyalgia that were not covered. For example, Plaintiff alleged pain in her back and hands, neither of which the ALJ explicitly addressed. *See* AR 20–22, 40–42. Had the ALJ properly considered Plaintiff's alleged fibromyalgia, then, he may have included additional limitations in the RFC. The ALJ therefore harmfully erred in failing to address at step two whether Plaintiff had a severe impairment of fibromyalgia.

**C.     Whether the ALJ Erred in Assessing Plaintiff's RFC**

      Plaintiff contends the ALJ failed to account for all of Plaintiff's limitations in the RFC. *See* Dkt. 10, pp. 15–18. Because the Court has found that the ALJ erred in assessing Plaintiff's impairments at step two, Plaintiff's argument succeeds. *See supra* Part IV.A–B. Plaintiff alleges other specific impairments and limitations should have been included in the RFC, but the Court need not address this because the ALJ must reevaluate the entire RFC on remand.

**D.     Scope of Remand**

      Plaintiff asks the Court to remand this matter for further administrative proceedings. *See* Dkt. 10, p. 2. The Court agrees this is the appropriate remedy. *See McCartey v. Massanari*, 298

F.3d 1072, 1076 (9th Cir. 2002). On remand, the ALJ shall reassess Plaintiff's impairments at step two, including any mental disorders and fibromyalgia. Because the ALJ's errors may have affected his analysis of Plaintiff's testimony, the ALJ should reevaluate Plaintiff's symptom testimony in light of this opinion. The ALJ shall reassess all other relevant steps of the disability evaluation, including Plaintiff's RFC, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## V. CONCLUSION

Based on the foregoing reasons, the Court finds that the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 6th day of April, 2020.

_David W. Christel_
David W. Christel
United States Magistrate Judge